■ CAROLE CHAZIN, Appellant, v PHIL PARMET et al., Respondents.—Order, Supreme Court, New York County (David Saxe, J.), entered October 7, 1991, which, *inter alia,* denied petitioner's application to vacate and set aside an arbitration award, unanimously affirmed, with costs.

We agree with the court that the arbitrator's decision to permit rescission of the screenwriter's agreement did not irrationally rewrite the agreement. Under CPLR 7511 (b) (1) (iii), an arbitration award "will not be vacated even though the court concludes that [the arbitrator's] interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). None of those circumstances are present here. While appellant disputes the arbitrator's conclusion that under their agreement, respondent Kortz assigned the copyright for his screenplay in exchange for the promise of compensation when the project was capitalized, the decision to permit rescission is grounded on the determination that there was no prospect after 9 years for obtaining financing for the film project and, therefore, no chance that the partnership would compensate Kortz for his services.

We have considered appellant's remaining contention and find it to be without merit. Concur—Wallach, J. P., Kupferman, Asch and Rubin, JJ.